# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 3, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129801

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

CHARLES ANDREW DORCHY,
     Defendant-Appellant.

SC: 129801
COA: 263104
Oakland CC: 98-160800-FC

_____/

On order of the Court, the application for leave to appeal the October 20, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal to resolve what is, in my judgment, a significant constitutional question: whether the exception set forth in *Harrison v United States*, 392 US 219, 222 (1968), to the general rule that a defendant who chooses to testify in a first trial waives the privilege against compulsory self-incrimination in a second trial is applicable where, as here, such defendant testified in the first trial only after the government introduced evidence later found to be in violation of the Sixth Amendment. I would also resolve the apparent conflict between the the Court of Appeals decision in this case, which concluded that the *Harrison* exception applies only to evidence that is *both* illegally obtained and improperly admitted, and the Court of Appeals decision in *People v Armentero*, 148 Mich App 120, 126 (1986), which concluded that the *Harrison* exception applies to evidence that infringes upon any "basic constitutional value."

KELLY, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 3, 2006 _____ _____
                                                      Clerk

d0131